equitable power to do complete justice. It was in aid of this power that the Legislature saw fit to embody the practice theretofore exercised by courts of equity into the section of the Code relied on here. But, in order to exercise the powers therein given to assess damages, the action must be pending or have been brought in the court which undertakes to assess the damages; and it must have jurisdiction of the parties to the action. It cannot be assumed that the Legislature intended a court to exercise the right to assess damages except in cases where it had itself rendered judgment. It cannot and should not assume to assess damages in any case or action not actually pending before it or decided by it and where parties were not before the court. When this case was removed into the federal court, this court was ousted of any jurisdiction over the parties or the subject-matter of the litigation. It could render no order or decree binding on any party to the action or connected with it. That jurisdiction has never been restored, and we are of the opinion when the cause of action was removed to the federal court the right and authority to make any order or decree incidental to the action or supplementary to it was gone. We therefore conclude that the motion must be denied. This doubtless still leaves to the defendants the right to sue on the bond in an action at common law. What the rule of damages would be in such a case, whether the rule prevailing in the federal courts or the more liberal one recognized by the state courts; we do not undertake to determine.

The defendants' motion, however, is denied, with $10 costs.

So ordered.

---

(59 Misc. Rep. 326.)

### In re RUTTER.

(Surrogate's Court, Kings County. May, 1908.)

WILLS—CONSTRUCTION—RESIDUE—DISTRIBUTION.

    Testator bequeathed two pecuniary legacies to nieces by name in separate paragraphs of his will. In one instance he stated that the legacy should be in addition to the legatee's distributive share of testator's residuary estate, which provision was omitted from the bequest to the other niece, and directed that the residue be divided equally among testator's nephews and nieces, share and share alike. Held, that the residuary estate should be equally divided among all the nephews and nieces, regardless of the legacies.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1279–1291.]

Judicial settlement of the accounts of William W. Rutter, as executor of John H. Paul, deceased. Decree for distribution of the residue among all testator's nephews and nieces.

Edo E. Mercelis, for accountant.

Felix H. Levy, for James H. Hannahs, general guardian of Paul Hannahs.

KETCHAM, S. In the will requiring construction there are two legacies of money to nieces by name, which are contained in separate paragraphs. In one instance there are added to the words of bequest the following:

"Which sum is to be paid to her [the legatee] in addition to her distributive share in my residuary estate, as hereinafter set forth."

In the case of the other niece there is a bequest without qualifying expression. Later in the will there is a gift of the residue, to be divided equally among the testator's nieces and nephews, share and share alike.

It is suggested that, because in one case the specific gift to a niece was expressly declared to be in addition to her share under the residuary provision, the testamentary intent, derivable from the absence of such declaration as to the other niece, is that the second niece should not share in the residue, and should be limited to her specific gift. The residuary gift comprehends all nieces, and the exclusion therefrom of any person within its grammatical description would to that degree be a violation of its express language. Against a construction giving full effect to this gift there is no affirmative provision. There is but the intimation to be deduced from the absence, in the case of one of the specific legatees, of the words which as to the other legatee are used in abundant and unnecessary caution to guard and save her rights. This inference cannot override the precise direction touching the residue. Were its force much greater than any which can be assigned to it. the gift would still be within the rule, which is said to admit of no exception, that:

"When an interest is given in one clause of a will, it cannot be cut down or taken away by raising a doubt from other clauses, but can only be impaired by express words or by a clear and undoubted implication."

This canon of construction is clearly applicable, whether the language from which it is sought to cut down an express provision precedes or follows the provision in question.

Let the decree provide for distribution of the residue equally among all the nieces and nephews.

Decreed accordingly.